Contracts; default termination; lack of 10-day ewe notice. — This case is before the court for Wunderlich Act *831 review of an adverse decision of the Armed Services Board of Contract Appeals. Plaintiff seeks to avoid the consequences of the termination of its Government contract to supply electronic tubes for default in delivery under the standard, Default clause by contending that the circumstances required defendant to issue a 10-day cure notice under said clause. In a recommended decision filed July 8,1974 (reported in full at 20 CCF para. 83, 188), Trial Judge C. Murray Bernhardt concluded that the Government properly terminated the contract, despite failure to issue a 10-day cure notice. If a default in delivery has occurred and the contractor has no acceptable excuse and the Government is not at fault, an outright termination notice is the appropriate course without a cure notice. Since plaintiff’s only defense to the Government’s counterclaim for excess reprocurement costs is that a finding of wrongful default termination and conversion to termination for convenience would automatically preclude recovery under the counterclaim, and since plaintiff has failed in this undertaking, defendant is entitled to recover on its counterclaim. This case came before the court on plaintiff’s request for review by the court of the recommended decision on plaintiff’s motion and defendant’s cross-motion for summary judgment. Upon consideration thereof, together with the briefs of counsel, since the court agrees with the said decision, the court, by order dated January 17,1975, adopted the said decision as the basis for its judgment in this case. The court concluded and ordered that plaintiff is not entitled to recover, that defendant is entitled to recover on its counterclaim in accordance with the decision, that the petition be dismissed, and entered judgment against plaintiff and for defendant on its counterclaim for $29,344.72, plus interest as provided by the contract.